# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:26-CR-17-MEO |
| | ) | |
| | ) | |
| | ) | **JOINT MOTION TO CONTINUE** |
| v. | ) | **AND CERTIFY THE CASE AS A** |
| | ) | **COMPLEX CASE** |
| CHRISTIAN STURDIVANT | ) | |
| | ) | |
| _____ | ) | |

## JOINT MOTION TO CERTIFY CASE AS COMPLEX UNDER 18 U.S.C. § 3161(h)(7)(B)(ii)

Counsel for the government and the defendant, Christian Sturdivant, ("the parties") respectfully request that the Court issue an Order pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), identifying this case as unusual and complex and finding that the ends of justice in a continuance of the trial date outweigh any interest of the public or the defendant in a speedy trial. In lieu of a trial date, the parties request that the Court schedule a status conference on or after August 17, 2026, and to subsequently hold status conferences periodically to apprise the Court of the status of the case, and ultimately to set a date certain for trial once the CIPA process is concluded.

Designating this case as complex is appropriate for two reasons. First, this case will involve procedures under the Classified Information Procedures Act ("CIPA"), which provide the government and the Court opportunities to address issues involving classified information before trial. Second, the investigation is on-going and the volume and nature of the discovery warrants continuing the case to another status conference and not setting a trial date at this time.

1

Defendant was initially charged by criminal complaint and arrest warrant and arrested on December 31, 2025. Defendant subsequently made his initial appearance on the criminal complaint before a United States Magistrate Judge on January 2, 2026. A federal grand jury later issued an indictment charging the defendant with a violation of 18 U.S.C. § 2339B(a)(1), Attempted Material Support to a Foreign Terrorist Organization, on January 22, 2026. Defendant was arraigned on the indictment on January 29, 2026. An unopposed motion to continue the case from the February 23, 2026 trial docket was filed by defense counsel, Roderick M. Wright, Jr., on February 11, 2026. On February 12, 2026, the Court Ordered the case continued to the May 4, 2026 trial docket. On April 6, 2026, defense counsel, Roderick M. Wright, Jr., filed an unopposed motion to continue the case from the May 4, 2026 trial docket. On April 8, 2026, The Court Ordered the case continued to the June 22, 2026 trial docket. On April 15, 2026, defense counsel, Roderick M. Wright, Jr., filed a Motion to Withdraw as Counsel. On May 5, 2026, following an Inquiry of Counsel hearing, United States Magistrate Judge David C. Keesler issued an Order allowing attorney Roderick M. Wright, Jr. to withdraw from the case. On or about May 5, 2026, Assistant Federal Defender John Parke Davis was appointed to represent the defendant. On May 26, 2025, defense counsel, Assistant Federal Defender John Parke Davis, filed an unopposed motion to continue. On June 3, 2026, the Court issued an Order to continue the case until the August 26, 2026 trial docket.

**RELEVANT LAW**

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which trial must commence. As is relevant to this motion, pursuant to subsection (h)(7)(A), the Court must exclude:

2

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A); *see e.g., United States v. Reavis,* 48 F.3d 763, 771 (4th Cir. 1995). This provision further requires the Court to set forth its reasons for finding that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list of factors that the Court must consider in determining whether to grant an ends-of-justice based motion for continuance, including: "Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

An interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras,* 474 U.S. 231, 236 (1985); *United States v. Hernandez,* 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice,* 746 F.3d 1074, 1078 (D.C. Cir. 2014). Importantly, "[i]n setting forth the statutory factors justifying a subsection (h)(7) continuance, Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States,* 559 U.S. 196, 197 (2010) (citing §3161(h)(7)(B)(ii), (B)(iv)).

## ARGUMENT

An ends-of-justice continuance is warranted here under 18 U.S.C. § 3161(h)(7)(B)(ii). This case is both unusual and complex, and it would be unreasonable to expect adequate preparation for pretrial proceedings and trial within the seventy-day time frame set forth in the

3

Speedy Trial Act. The parties respectfully request that the Court continue the case indefinitely and set a status hearing on or after August 17, 2026.

As alleged in the complaint affidavit and indictment, the defendant, Christian Sturdivant, a United States national, from on or about December 19, 2025 to on or about December 31, 2025, in Mecklenburg County, within the Western District of North Carolina, within the United States, knowingly attempted to provide material support and resources, that being personnel, himself, and weapons, knives and claw hammers, in support of ISIS, a foreign terrorist organization, knowing ISIS has engaged and engages in terrorist activity and terrorism.

An end-of-justice continuance to a date to be determined with a status hearing the week of August 17, 2026 is warranted for two reasons.

First, as described in the government's Motion and Memorandum of Law for an *Exparte* Classified Conference Under CIPA Section 2 and Motion to Appoint Classified Information Security Officer Pursuant to CIPA Section 3, filed contemporaneously with this joint motion, the government expects there will be proceedings in this case under CIPA. The government is still determining the scope and nature of the CIPA-related proceedings. But, at the very least, the government expects the case will involve CIPA Section 4, which will require time for the government to review and address the universe of relevant documents, prepare declarations, and prepare the classified documents for the Court's review. The government does not yet know whether proceedings related to CIPA Sections 5 and 6 will be necessary. By August 17, 2026, the government expects to be able to better advise the Court on the scope and tentative timeline of the CIPA litigation in this matter.

Second, this case involves an on-going investigation and a considerable volume of discovery, much of which is still being processed and collected by the Federal Bureau of

4

Investigations ("FBI"). The investigation involved the search and seizure, pursuant to a federal search warrants and legal process, of defendant's device and multiple social media accounts on various platforms, including communications with subjects overseas. The FBI forecasts that it will take at least one additional month just to process and provide to the government the existing discovery, not including evidence continuing to be collected or anticipated to be collected. The parties request additional time to collect, produce and review the discovery in this matter.

The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g.*, *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019) (upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (per curiam) (district court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case, based in part on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules"); and *United States v. Muhtorov*, 20 F.4th 558, 635, 644-5 (10th Cir. 2021), *cert. denied*, 143 S.Ct. 245

5

(Oct. 3, 2022) (upholding lengthy discovery process where case was declared a complex case under the Speedy Trial Act due, in part, to the need to comply with CIPA, "CIPA compliance was a 'valid reason' for the length of the discovery period." *Citation omitted*.)

The government has already provided two productions of discovery and expects to have more discovery, other than that which implicates CIPA, produced to the defense prior to the requested status hearing. Discovery is being provided on an on-going basis. Scheduling a status hearing rather than a trial date will give the parties time to assess the nature of the evidence, identify potential motions, and determine how much time will be needed to adequately prepare for trial.

Therefore, the parties request that the Court certify the case as unusual and complex and find that the ends of justice are served by scheduling a trial beyond that generally required by the Speedy Trial Act and these circumstances outweigh the interests of the public and the defendant in a speedy trial. The parties further request that the Court set a status hearing on or after August 17, 2026, and that status hearings be set periodically to update the Court on the status of the case and ultimately to set a date certain for trial once the CIPA process is completed. A proposed Order is submitted herewith for the convenience of the Court.

Executed on the **27**TH day of July 2026.

Respectfully submitted,

RUSS FERGUSON
United States Attorney

6

By: _____

ROBERT J. GLEASON
Assistant United States Attorney
N.C. Bar No. 16167
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (Main Line)
(704) 227-0197 (Fax)
Robert.Gleason@usdoj.gov
Attorney for the United States

By: _____

s/ John Parke Davis
John Parke Davis
N.C. Bar No. 34427
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
jp_davis@fd.org
Attorney for Christian Sturdivant

## CERTIFICATION

7

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, Fastcase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted this **27TH** day of July 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

Robert J. Gleason
Assistant United States Attorney
NC Bar Number 16167
Attorney for the United States
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
704/344-6222 (Main Line)
704/227-0197 (Fax)
Robert.Gleason@usdoj.gov

8

## CERTIFICATE OF SERVICE

This is to Certify that a copy of the attached Joint Motion to Continue and Certify as a

Complex Case was served on Counsel of Record for, Christian Sturdivant, John Parke Davis,

Esquire, at JP_Davis@fd.org.


This 27th day of July 2026.


RUSS FERGUSON
UNITED STATES ATTORNEY


Robert J. Gleason
Assistant United States Attorney
North Carolina Bar # 16167
Attorney for the United States
United States Attorney's Office-Western District of North Carolina
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Tel. (704) 344-6222
Fax. (704) 344-6629
Robert.Gleason@usdoj.gov

9